# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# CASE NO. 13-20177-CIV-HUCK/O'SULLIVAN

STEVEN R. LOVELAND, for the
benefit of STEVE LOVELAND,

        Plaintiff,

v.

STATE FARM FIRE
AND CASUALTY COMPANY,

        Defendant.
_____/

## ORDER REVIEWING *SUA SPONTE* THE COURT'S JURISDICTION

THIS MATTER comes before the Court on a *sua sponte* review of the record to determine whether the Court has subject matter jurisdiction to entertain this lawsuit. The Court has reviewed the parties' submissions, the relevant legal authorities, and is otherwise duly advised. For the reasons set forth below, the Court holds that it does have subject matter jurisdiction to hear the parties' dispute.

### I. BACKGROUND

Plaintiff Steven R. Loveland ("Plaintiff") filed this action for declaratory relief in the Eleventh Judicial Circuit of Florida on behalf of his father, Steven Loveland ("Loveland"), seeking a declaration that Defendant State Farm Fire and Casualty Insurance Company ("State Farm") erroneously denied coverage of a claim of property damage under Loveland's homeowner's insurance policy. *See* Notice of Removal Ex. A (D.E. No. 1). State Farm removed this action under 28 U.S.C. § 1441(a), invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332.

Notwithstanding State Farm's representation in its Notice of Removal that the Court had jurisdiction to entertain Plaintiff's request for declaratory relief, State Farm moved to dismiss Plaintiff's request for declaratory relief on jurisdictional grounds. *See* Def.'s Mot. to Dismiss for Lack of Standing ("Mot.") (D.E. No. 4), filed January 23, 2013. State Farm contended that the power of attorney — through which Plaintiff requested declaratory relief on behalf of Loveland — was insufficient to confer Article III standing to Plaintiff. Plaintiff, for his part, observed the Janus-faced nature of State Farm's procedural maneuver: in its Notice of Removal State Farm

1

contended that the Court had jurisdiction to entertain Plaintiff's request for declaratory relief; yet in its Motion to Dismiss, State Farms contended that Plaintiff lacks standing to pursue this action, thus depriving the Court of jurisdiction. *See* Pl.'s Ans. 2 (D.E. No. 12), filed Feb. 20, 2013 ("This Answer to Defendant's Motion to Dismiss comes before this Court in an unusual posture . . . Defendant removed the case, but then filed a Motion to Dismiss urging that federal courts to not recognize standing to pursue a lawsuit pursuant to a power of attorney.") (citation omitted).

Recognizing the contradictory nature of the positions it advanced, State Farm now asserts that because Loveland — the holder of the insurance policy — has Article III standing to sue and Plaintiff is only suing on Loveland's behalf (rather than in his own name), the Court has subject matter jurisdiction to hear this case. *See* Def.'s Reply Withdrawing its Motion to Dismiss for Lack of Standing ("Reply") (D.E. No. 14), filed March 1, 2013. In light of this back and forth, the Court took up the matter *sua sponte* as to whether the Court indeed has jurisdiction. The Court concludes it does.

## II. DISCUSSION

"A federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Whether a plaintiff has standing under Article III — which limits the cases or controversies a federal court can entertain — directly implicates a federal court's subject matter jurisdiction, and "is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (citations and internal quotation marks omitted).

In its Motion to Dismiss, State Farm contended that only Loveland has standing to pursue this action for declaratory relief, not Plaintiff, because a power of attorney — however broad the powers it confers — does not provide Plaintiff with standing to pursue a lawsuit in his father's stead. *See* Mot. 4. For this proposition, State Farm cites to a host of cases, all saying for the most part the same thing: "[A] person holding a power of attorney does not have the right to sue in his or her own name." Mot. 4 (quoting *Falin v. Condo. Ass'n of La Mer Estates, Inc.*, No. 11-61903-CV, 2011 WL 5508654, at *2 (S.D. Fla. Nov. 9, 2011) (internal quotation marks omitted)).

2

As State Farm recognized, however, it read too broadly these cases to mean slightly more than what they held. *See* Reply 4. That is, the cases to which State Farm cited held only that a power of attorney is insufficient to give a plaintiff standing to pursue an action *in his or her own name*. They did not arrive at the more expansive holding that a power of attorney is insufficient to give a plaintiff standing to pursue an action *on behalf* of someone else. State Farm now concedes its error.

All that having been said, the Court must still satisfy itself that it indeed has jurisdiction; State Farm's representation that the Court does have jurisdiction is not enough.

There is a tendency among litigants to confuse the concepts of "standing" and "capacity." The former "acts as an element of the constitutional requirement that there be a case or controversy," 6A C. Wright, A. Miller, & M. Kane, FEDERAL PRACTICE AND PROCEDUR*E* § 1542 (3d ed. 2004), and thus limits the subject-matter jurisdiction of the federal courts. As a result, whether a plaintiff has standing to raise a claim is a legal issue that "cannot be waived and may be raised by a federal court *sua sponte*." *Id.* Not so regarding whether a plaintiff has the capacity to sue. The latter is a consideration that must be raised by the party defending a lawsuit.

Because Plaintiff does not advance this request for declaratory relief *in his own name* but rather *on behalf of* his father Loveland, the Court need only determine whether Loveland has standing to pursue this action. The answer to that question is an unequivocal yes, as it is beyond dispute that an insured has standing to request declaratory relief as to whether an insurance company wrongfully denied coverage of a claim. The related question whether Plaintiff can bring this suit on behalf of his father Loveland "is not a question of standing; rather, this issue involves the question of whether [Plaintiff] has the *capacity* to bring this action on [Loveland's] behalf . . . ." *Glickstein v. Sun Bank/Miami, N.A.*, 922 F.2d 666, 670 (11th Cir. 1991). But whether a plaintiff has the capacity to sue does not relate to the Court's power to entertain a lawsuit under Article III, but rather "to the issue of 'a party's personal right to litigate in federal court.'" *Id.* (citing 6A C. Wright, A. Miller, & M. Kane, FEDERAL PRACTICE AND PROCEDURE § 1542, at 327 (2d ed. 1990)). The Court is thus satisfied that it has jurisdiction to entertain Plaintiff's request for declaratory relief.[1]

---

[1] Although the Court need not address the issue of whether Plaintiff has the capacity to maintain this lawsuit on behalf of Loveland, it appears State Farm concedes that the "alleged power of

### III. CONCLUSION

For the reasons stated above, it is hereby

ORDERED that Plaintiff has standing to maintain this action for declaratory relief.

DONE AND ORDERED in Chambers, Miami, Florida, April 1, 2013.

_____
Paul C. Huck
United States District Judge

<u>Copies furnished to</u>:
All counsel of record

---

attorney [] allows Plaintiff to bring the action 'for the benefit of' Loveland without joining Loveland in the suit." Reply 6 n.3.