UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-20177-CIV-HUCK/O'SULLIVAN

STEVEN R. LOVELAND, for the
benefit of STEVEN LOVELAND,

        Plaintiff,
v.

STATE FARM FIRE
AND CASUALTY COMPANY,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

Before the Court is Defendant State Farm Fire and Casualty Company's ("State Farm") Motion to Transfer this Action to the Middle District of North Carolina (D.E. No. 12), filed February 20, 2013. The Court has considered the relevant factors under 28 U.S.C. § 1404(a), and concludes they overwhelmingly support transfer to the Middle District of North Carolina.

**I.    BACKGROUND**

Steven Loveland's home in Winston-Salem, North Carolina was in utter disrepair back in November 2011. The floor was severely water-damaged; several walls were cracked; the ceiling had fallen in at least two places; and the house was full of mold. Def.'s Notice of Removal Ex. G (Aff. of Karen Rock ¶ 11) (D.E. No. 1-7), filed January 16, 2013. At the time, Loveland had a homeowner's insurance policy with State Farm. To recover the costs of repair, Loveland filed a claim with State Farm. Loveland told State Farm the condition of his property was due to an act of vandalism, theft, or malicious mischief. Def.'s Notice of Removal 2.

On January 20, 2012, State Farm denied Loveland's claim. The letter denying Mr. Loveland's claim noted that the State Farm claims adjuster assigned to his case observed that a water leak caused the damage to his property. This was evidenced by the "rot to much of the floor system" and the fact that "one corner of the living room ha[d] actually begun to sink." Notice of Removal Ex. C (State Farm Denial Letter) (D.E. No. 1), filed January 16, 2013. The claim adjuster's conclusion triggered an exclusion to Loveland's policy for damages caused by "the constant or repeated discharge, seepage, or leakage of water . . . ." *Id.*

1

None too pleased with State Farm's denial, Steven R. Loveland ("Plaintiff") filed this action for declaratory relief in the Eleventh Judicial Circuit of Florida on behalf of his father, Loveland, seeking a declaration that State Farm erroneously denied coverage. *See* Notice of Removal Ex. A (State Court Complaint) (D.E. No. 1). State Farm removed this action under 28 U.S.C. § 1441(a), invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. After some uncertainty, this Court confirmed it had jurisdiction. *See* April 1, 2013 Order Reviewing *Sua Sponte* the Court's Jurisdiction (D.E. No. 19).

## II. DISCUSSION

Before the Court is the limited question whether transfer to the Middle District of North Carolina is appropriate. 28 U.S.C. § 1404(a) guides the analysis. It provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought," *id.* Plaintiff does not dispute that this case could have been filed in the Middle District of North Carolina. Thus, the Court need only determine whether out of convenience to the parties and in the interests of justice this action should be transferred to the Middle District of North Carolina.

The Eleventh Circuit has outlined a number of factors for the Court to consider in deciding whether to transfer a case. These factors include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). All but one of the nine factors are relevant to the Court's analysis. The Court addresses each one in turn.

### A. The Convenience of the Witnesses

"The convenience of the forum for witnesses is probably considered the single most important factor in the analysis of whether a transfer should be granted." *Goldweber v. Harmony Partners Ltd.*, 671 F. Supp. 2d 392, 396 (E.D.N.Y. 2009) (citation and internal quotation marks omitted). As Defendant notes, Mot. 12 — and Plaintiff does not dispute — a number of arguably important witnesses are based in North Carolina: (1) the police officers who inspected Loveland's home on

2

Case 1:13-cv-00380  Document 23  Filed 05/01/13  Page 2 of 5

or about September 12, 2011; (2) local water department employees who may be called upon to provide data regarding water usage; (3) clean-up personnel who assisted in the cleanup of Loveland's home; (4) local contractors involved in the repair of Loveland's home; and (5) code enforcement employees who may have either witnessed code violations or overseen repairs to Loveland's home. Thus, this factor tips decidedly in favor of transfer.

### B. Location of Documents and Relative Ease of Access to Sources of Proof

No one disputes that much of the evidence in this case will be in the form of documents and photographs — which, in the digital age, are easily transferable. But, importantly, if the jury requests to view Loveland's home, that option will be unavailable if this case is heard in the Southern District of Florida rather than the Middle District of North Carolina. *See* Reply 11. Thus, this factor slightly favors a transfer to the Middle District of North Carolina.

### C. The Convenience and Relative Means of the Parties

The Court is sympathetic to Loveland's situation: he is an elderly — allegedly infirm — man who has found himself squarely in the middle of a coverage dispute.[1] And if he is required to appear at trial it would appear to be at least a mild inconvenience. Loveland's circumstances alone, however, are not enough of a consideration to keep this action in the Southern District of Florida.

First, it is entirely possible that Loveland's alleged condition would prevent him from testifying at trial. Second, Loveland has owned a home in the Middle District of North Carolina for over twenty years, tempering any hardship that might be visited upon him having to travel to the Middle District of North Carolina — an area with which he is quite familiar, *see* Reply 11.

While it appears entirely speculative that Plaintiff or Loveland would be inconvenienced by having to litigate this case in the Middle District of North Carolina, the Court is almost certain that Defendant *would* be inconvenienced by having to defend this action in the Southern District of Florida. This is because, as Defendant points out, the State Farm claims representatives that handled this claim are located in North Carolina. *See* Mot. to Transfer 11 (citing Aff. of Karen Rock). Thus, on balance, the Court finds that this factor is neutral. *See Wechsler v. Macke Int'l Trade, Inc.*, No. 99 Civ. 5727, 1999 WL 1261251, at *6 (S.D.N.Y. Dec. 27, 1999) (noting that

---

[1] The Court uses the term "allegedly" because, as Defendant argues, Plaintiff hasn't presented any evidence of Loveland's medical condition nor described the nature of the condition. *See* Reply 11.

3

the "parties' convenience becomes a neutral factor in the transfer analysis if transferring venue would merely shift the inconvenience to the other party").

### D. The Locus of Operative Facts

"The locus of operative facts is an 'important factor to be considered in deciding where a case should be tried.'" *Indian Harbor Ins. Co. v. NL Entl. Mgmt. Servs., Inc.*, No. 12 Civ. 2045(PGG), 2013 WL 1144800, at * (S.D.N.Y. Mar. 19, 2013) (citation omitted). Because the events underlying this case relate entirely to a coverage dispute involving a home located in Winston Salem, North Carolina, this factor weighs decidedly in favor of transfer.

### E. The Forum's Familiarity with the Law

As the Supreme Court has observed: "There is an appropriateness [ ] in having the trial of a diversity case in a forum that is at home with the state law that must govern the case." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947). Here, the parties do not dispute that North Carolina law will govern the interpretation of the insurance contract, and in turn whether Loveland's claim is covered under by the policy. Thus, this factor, too, weighs decidedly in favor of transfer.

### F. The Weight Accorded to a Plaintiff's Choice of Forum

Generally speaking, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giamarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1990). But where, as here, "the operative facts underlying the cause of action did not occur within the forum chosen by the plaintiff, the choice of forum is entitled to less consideration." *Social Language Processing, Inc. v. OTT*, No. 12-62286-CIV, 2013 WL 1442168, at *4 (Apr. 9, 2013) (citations omitted). Thus, this factor is mostly neutral.

### G. Trial Efficiency and the Interests of Justice

The only connection the Southern District of Florida has to this case is that the request for declaratory judgment was filed in a state court in Miami, Florida. Virtually none of the witnesses are located here. The property that is the subject of this dispute is located in North Carolina. And the law that will govern the interpretation of the insurance contract is North Carolina law. The Court can find no reason, other than that Miami, Florida is where this case was filed, not to transfer this case where it rightly belongs: in the Middle District of North Carolina.

4

### III. CONCLUSION

For the reasons stated above, it is hereby

ORDERED that Defendant's Motion to Transfer this Action to the Middle District of North Carolina is GRANTED.

It is hereby further

ORDERED that the above-referenced action is TRANSFERRED, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Middle District of North Carolina. The Clerk of Court shall transmit this cause and all the records pertaining thereto to the Clerk of Court of the Middle District of North Carolina. All other pending motions are DENIED AS MOOT, and the Clerk of Court is directed to CLOSE this case.

DONE AND ORDERED in Chambers, Miami, Florida, May 1, 2013.

_____
Paul C. Huck
United States District Judge

<u>Copies furnished to</u>:
All counsel of record